IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WASHINGTON,

        Plaintiff,                    No. CIV S-09-2129 KJM P

    vs.

ORRICK, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 9, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

        In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff's amended complaint still does not state a claim upon which relief can be granted. Plaintiff complains about the conditions he has been subjected to as a result of overcrowding. Although he names Sergeant Orrick as a defendant, he does not provide sufficient details to demonstrate what Orrick did to cause any constitutional violation. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    The court will dismiss plaintiff's amended complaint and give plaintiff one final
2 attempt to state a claim upon which relief can be granted. If plaintiff fails to make sufficiently
3 specific allegations regarding Sergeant Orrick, or otherwise identify clearly any defendants
4 responsible for the conditions of which he complaints, or for any other reason fails to state a
5 claim upon which relief can be granted, the court will dismiss this action.

6    Plaintiff is informed that the court cannot refer to a prior pleading in order to
7 make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended
8 complaint be complete in itself without reference to any prior pleading. This is because, as a
9 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original
11 pleading no longer serves any function in the case. Therefore, in a second amended complaint,
12 as in an original complaint, each claim and the involvement of each defendant must be
13 sufficiently alleged.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15    1. Plaintiff's amended complaint is dismissed; and

16    2. Plaintiff is granted thirty days from the date of service of this order to file a
17 second amended complaint that complies with the requirements of this order, the Civil Rights
18 Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
19 complaint must bear the docket number assigned this case and must be labeled "Second
20 Amended Complaint"; plaintiff must file an original and two copies of the second amended
21 complaint; failure to file a second amended complaint in accordance with this order will result in
22 a recommendation that this action be dismissed.

23 DATED: May 13, 2010.

_____
U.S. MAGISTRATE JUDGE

25 1
wash2129.14(2.26.10)
26